1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

9
10

MICHAEL HOFFMAN,

CASE NO. C09-5252RJB

11

Plaintiff,

12

v.

ORDER ADOPTING REPORT
AND RECOMMENDATION

13

MICHAEL J. ASTRUE, Commissioner of
Social Security Administration,

14
15

Defendant.

16
17

        This matter comes before the Court upon the Report and Recommendation of Judge Karen L.

18

Strombom, United States Magistrate Judge.  Dkt. 16.  The Court has considered the Report and

19

Recommendation (Dkt. 16), plaintiff's Objections to the Report and Recommendation (Dkt. 17), and the

20

file herein.

21

### FACTS

22

        The procedural history and basic facts are related at length in the Report and Recommendation

23

and shall not be repeated here.  After the Report and Recommendation was issued, plaintiff filed

24

objections arguing that the case should be reversed and remanded because (1) the Administrative Law

25

Judge ("ALJ") did not properly consider the evidence concerning the plaintiff's mental functional

26

limitations; and (2) the ALJ improperly determined that the job of optical assembler exists in significant

27

numbers.  Dkt. 17.

28

ORDER
Page - 1

1

## DISCUSSION

2   This Court must uphold the Commissioner's determination that the plaintiff is not disabled if the

3   Commissioner applied the proper legal standard and there is substantial evidence in the record as a whole

4   to support the decision.  *Hoffman v. Heckler*, 785 F.2d 1423, 1425 (9th Cir. 1986).  Substantial evidence

5   is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.

6   *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Fife v. Heckler*, 767 F.2d 1427, 1429 (9th Cir. 1985).  It

7   is more than a scintilla but less than a preponderance.  *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n.10

8   (9th Cir. 1975); *Carr v. Sullivan*, 772 F. Supp. 522, 524-25 (E.D. Wash. 1991).  If the evidence admits of

9   more than one rational interpretation, the Court must uphold the Commissioner's decision.  *Allen v.*

10   *Heckler*, 749 F.2d 577, 579 (9th Cir. 1984).

11   **1.    PRELIMINARY ISSUE REGARDING THE ADMINISTRATIVE RECORD**

12   Plaintiff informed Judge Strombom that the record contains medical progress notes, which span

13   from late September through early October 2003, from a treating physician, Dr. Michael Butler,

14   concerning a right foot injury for a Michael Hoffman.  *See* Dkt. 16.  Plaintiff and defendant agreed that

15   those medical records are for an individual other than the plaintiff.  *Id.*  Accordingly, Judge Strombom

16   properly concluded that all such records should be removed from the record, and the plaintiff has not

17   objected to Judge Strombom's resolution of this issue.  *See* Dkt. 16; Dkt. 17.

18   **2.    EVALUATION OF THE MEDICAL EVIDENCE CONCERNING THE
       PLAINTIFF'S MENTAL FUNCTIONAL LIMITATIONS**

19

20   Plaintiff argues that the ALJ improperly discounted evidence from the medical experts and lay

21   witnesses concerning the plaintiff's mental functional limitations, which led the ALJ to find a residual

22   functional capacity ("RFC") that the plaintiff argues does not adequately capture his mental difficulties

23   with social situations, and also with concentration, persistence and pace.  Dkt. 17.  Judge Strombom was

24   correct in finding that the ALJ properly discounted the evidence from the medical experts and lay

25   witnesses, which led to the ALJ's proper assessment that the plaintiff has the residual function capacity

26   "to perform simple and repetitive tasks, but not detailed or complex tasks" with no other mental

27   limitations.  *See* Dkt. 16.  This Court will address in turn Judge Strombom's evaluation of the testimony

28   regarding (i) the plaintiff's social limitations, and (ii) the plaintiff's limitations with concentration,

persistence and pace.

1    If a disability determination "cannot be made on the basis of medical factors alone at step three of

2  the evaluation process, the ALJ must identify the claimant's "functional limitations and restrictions" and

3  assess his or her "remaining capacities for work-related activities."  SSR 96-8p, 1996 WL 374184 *2.  A

4  claimant's residual functional capacity is the maximum amount of work the claimant is able to perform

5  based on all of the relevant evidence in the record.  *Id.*  However, a claimant's inability to work must

6  result from his or her "physical or mental impairment(s)."  *Id.*  Thus, the ALJ must consider only those

7  limitations and restrictions "attributable to medically determinable impairments."  *Id.*  In assessing a

8  claimant's RFC, the ALJ also is required to discuss why the claimant's "symptom-related functional

9  limitations and restrictions can or cannot reasonably be accepted as consistent with the medical or other

10 evidence."  *Id.* at *7.

11   The ALJ is responsible for determining credibility and resolving ambiguities and conflicts in the

12 medical evidence.  *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998).  Where the medical evidence in

13 the record is not conclusive, "questions of credibility and resolution of conflicts" are solely the functions

14 of the ALJ.  *Sample v. Schweiker*, 694 F.2d 639, 642 (9th Cir. 1982).  Determining whether

15 inconsistencies in the medical evidence "are material (or are in fact inconsistencies at all) and whether

16 certain factors are relevant to discount" the opinions of medical experts "falls within this responsibility."

17 *Id.* at 603.

18   In resolving questions of credibility and conflicts in evidence, an ALJ's findings "must be

19 supported by specific, cogent reasons."  *Reddick*, 157 F.3d at 725.  The ALJ can do this "by setting out a

20 detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation

21 thereof, and making findings."  *Id.*  The ALJ also may draw inferences "logically flowing from the

22 evidence."  *Sample*, 694 F.2d at 642.  Further, the Court itself may draw "specific and legitimate

23 inferences from the ALJ's opinion."  *Magallanes v. Bowen*, 881 F.2d 747, 755 (9th Cir. 1989).

24   The ALJ must provide "clear and convincing" reasons for rejecting the uncontradicted opinion of

25 either a treating or examining physician.  *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996).  Even when a

26 treating or examining physician's opinion is contradicted, that opinion "can only be rejected for specific

27 and legitimate reasons that are supported by substantial evidence in the record."  *Id.* at 830-31.  However,

28 the ALJ "need not discuss *all* evidence presented" to him or her.  *Vincent on Behalf of Vincent v. Heckler*,

739 F.3d 1393, 1394-95 (3rd Cir. 1981); *Garfield v. Schweiker*, 732 F.2d 605, 610 (7th Cir. 1984).

In general, more weight is given to a treating physician's opinion than to the opinions of those who do not treat the claimant. *Lester*, 81 F.3d at 830. On the other hand, an ALJ need not accept the opinion of a treating physician, "if that opinion is brief, conclusory, and inadequately supported by clinical findings" or "by the record as a whole." *See e.g., Batson v. Commissioner of Social Security Administration*, 359 F.3d 1190, 1195 (9th Cir. 2004). An examining physician's opinion is "entitled to greater weight than the opinion of a non-examining physician." *Lester*, 81 F.3d at 830-31. A non-examining physician's opinion may constitute substantial evidence if it is consistent with other independent evidence in the record. *Lester*, 81 F.3d at 830-31*; Tonapetyan v. Halter*, 242 F.3d 1144, 1149 (9th Cir. 2001).

The ALJ must also consider as evidence the observations of non-medical sources as to how an impairment affects a claimant's ability to work. *Sprague v. Bowen*, 812 F.2d 1226 (9th Cir. 1987) (citing 20 C.F.R. § 404.1513(e)(2)). When an ALJ discredits lay witness testimony concerning a claimant's ability to work the ALJ must provide reasons "that are germane to each witness." *Nguyan v. Chater*, 100 F.3d 1462, 1467 (9th Cir. 1996). The reasons "germane to each witness" must be specific. *Stout v. Comm'r*, 454 F.3d 1050, 1054 (9th Cir. 2006) (explaining that "the ALJ, not the district court, is required to provide specific reasons for rejecting lay testimony"). If the ALJ's credibility finding is supported by substantial evidence in the record, the Court does not engage in second guessing. *Thomas v. Barnhart*, 278 F.3d 947, 959 (9th Cir. 2002).

### *i.* *Testimony Regarding Social Limitations*

Plaintiff contends that the ALJ's mental functional limitations do not adequately account for the medical expert testimony from Drs. Kimberly Wheeler, Dan Neims, and Marc Redmon, who determined that the plaintiff suffers from moderate to marked social limitations. Dkt. 17. Judge Strombom properly concluded that the ALJ provided clear and convincing reasons for rejecting the moderate to marked social limitations opined by Dr. Wheeler and the moderate social limitations opined by Drs. Neims and Redmon, for the following reasons: (1) there were discrepancies between the sources' own assessments and the sources' own clinical notes, and (2) the sources' assessments were inadequately supported by clinical findings and by the record as a whole. *Id.* Plaintiff further contends that the ALJ erred by not

1    addressing Dr. Wheeler's third report; however, Judge Strombom properly inferred that the ALJ rejected

2    that report because it had similar deficiencies as the ALJ addressed with regard to Dr. Wheeler's first and

3    second reports.  *See* Dkt. 16; Dkt.17.  Thus, Judge Strombom properly concluded that the ALJ did not err

4    in evaluating the medical evidence from Drs. Wheeler, Neims, and Redmon concerning the plaintiff's

5    social limitations.

6         Plaintiff also argues that the ALJ failed to properly address the lay witness statements regarding

7    the plaintiff's social limitations provided by Judy Harris, the plaintiff's caretaker; Laree Harris, plaintiff's

8    friend; Debra Hoffman, the plaintiff's sister; and Norman Hoffman, the plaintiff's brother.  Dkt. 17.  Judge

9    Strombom found substantial evidence in the record to support the ALJ's determination that the lay witness

10   statements showed that the plaintiff tended to isolate himself socially for reasons other than mental health

11   issues and that the plaintiff had an ability to get along with others and function socially.  Dkt. 16.

12   Accordingly, this Court finds that the ALJ properly addressed the lay witness testimony regarding the

13   plaintiff's social limitations.

14        ***ii.       Testimony Regarding Difficulties with Concentration, Persistence and Pace***

15        Plaintiff contends that the ALJ's mental functional limitations assessment does not adequately

16   account for the medical expert testimony from Drs. Wheeler, Neims, and Redmon regarding the plaintiff's

17   difficulties with concentration, persistence and pace.  Dkt. 17.  Judge Strombom properly concluded that

18   the ALJ did not err in partially discounting the medical testimony regarding the plaintiff's concentration,

19   persistence and pace because there were discrepancies between the sources' own assessments and the

20   sources' own clinical notes, and because the sources' assessments were inadequately supported by clinical

21   findings and by the record as a whole.  Dkt. 16.  Further, Judge Strombom noted that the plaintiff testified

22   at trial that he could concentrate for a "long time" and that he had recently completed a Harry Potter book.

23   *Id.*  As such, the ALJ did not err in evaluating the medical evidence concerning the plaintiff's difficulties

24   with concentration, persistence and pace.

25        Plaintiff further argues that the ALJ failed to give germane reasons for rejecting the statements of

26   the lay witnesses regarding the plaintiff's difficulty in staying on task.  Dkt. 16.  Judge Strombom

27   properly concluded that the ALJ addressed the lay witness statements and found that, after resolving the

28   inconsistencies in the evidence, the plaintiff should be limited to simple, repetitive tasks to accommodate

1   his difficulties with memory and his problems with the stress involved in the change of plans or routine.

2   *See id.*  Accordingly, Judge Strombom properly concluded that the ALJ did not err in evaluating the

3   medical evidence or lay witness testimony concerning the plaintiff's difficulties with concentration,

4   persistence and pace.

5             ***iii.***       ***Lack of Fully Credible Testimony Regarding the Plaintiff's Mental Limitations***

6             The plaintiff also argues that both the ALJ's ruling and Judge Strombom's ruling improperly

7   conclude that the plaintiff's mental health impairments were less limiting than opined by every

8   psychologist or psychiatrist and lay witness.  Dkt. 17.  The plaintiff contends that the case should be

9   reversed and remanded, presumably for further development of the record, in absence of any remaining

10  fully credible testimony regarding the plaintiff's mental limitations.  *Id.*  This Court disagrees.  Contrary

11  to the plaintiff's contention that "the ALJ's decision is left without any support," (Dkt. 17) the ALJ's

12  decision is supported because the ALJ resolved conflicts in the evidence rather than entirely rejecting all

13  of the evidence provided.  Therefore, the record in this case was sufficiently developed and evaluated and

14  the ALJ should not be required to obtain additional testimony regarding the plaintiff's mental limitations.

15  *See, e.g., Mayes v. Massanari*, 276 F.3d 453, 459-60 (9th Cir. 2001) (holding that the ALJ's duty to

16  develop the record is triggered only when there is ambiguous evidence or when the record is inadequate to

17  allow for proper evaluation of the evidence).  The plaintiff cannot seek to further develop the record

18  simply because he presented evidence that was sufficient for the ALJ to make a determination, but not

19  great enough to establish his burden in proving that the he was under a mental disability.

20        **2.        THE ALJ'S STEP FIVE ANALYSIS**

21            If a plaintiff cannot perform his or her past relevant work, as the plaintiff here cannot, then at step

22  five of the disability evaluation process the ALJ must show there are a significant number of jobs in the

23  national economy the claimant is able to do.  *Tackett v. Apfel*, 180 F.3d 1094, 1098-99 (9th Cir. 1999); 20

24  C.F.R. § 416.920(d), (e).  The ALJ can do this through the testimony of a vocational expert or by

25  reference to the Commissioner's Medical-Vocational Guidelines.  *Tackett*, 180 F.3d at 1100-01;

26  *Osenbrock v. Apfel*, 240 F.3d 1157, 1162 (9th Cir. 2000).  At the hearing in this case, the vocational exert

27  testified that the plaintiff could perform the jobs of microfilm document preparer (Dictionary of

28  Occupational Titles ("DOT") 249.587-018) and optical assembler (DOT 713.687-018.  *See* Dkt. 16.

1   Based on the vocational expert's testimony, the ALJ found the plaintiff to be capable of performing other

2   jobs existing in significant numbers in the national economy. *Id.* The plaintiff argues that the ALJ erred

3   because (i) the plaintiff is not capable of performing the job of microfilm document preparer, and (ii) the

4   job of optical assembler does not exist in significant numbers. Dkt. 17.

5            **i.**   ***The Job of Microfilm Document Preparer***

6       The plaintiff argued, and Judge Strombom agreed, that the ALJ erred in finding the plaintiff

7   capable of performing the job of microfilm document preparer. *See* Dkt. 16. Judge Strombom determined

8   that the job of microfilm document preparer requires a reasoning level of 3, which is incompatible with a

9   limitation to simple, repetitive work. *See, e.g., Hackett v. Barhart*, 395 F.3d 1168, 1176 (10th Cir. 2005)

10  (finding that level two reasoning is compatible with an RFC limiting the claimant to simple and routine

11  work); *Lucy v. Chater*, 113 F.3d 905, 909 (8th Cir. 1997) (rejecting contention that a claimant limited to

12  following only simple instructions could engage in the full range of sedentary work because many

13  unskilled jobs in that category require reasoning level of two or higher). Accordingly, the ALJ erred in

14  finding the plaintiff capable of performing the job of microfilm document preparer; however, the ALJ did

15  not err in finding plaintiff to be capable of performing other jobs existing in significant numbers in the

16  national economy because the plaintiff can perform the job of optical assembler, as discussed below.

17           **ii.**   ***The Job of Optical Assembler***

18      At the hearing, the vocational expert testified that there were approximately 9,000 optical

19  assembler jobs in the national economy, and 150 in the State of Washington. *See* Dkt. 16. Plaintiff argues

20  that no published case in this circuit has found 150 jobs to be a significant number of jobs, and that it

21  therefore is doubtful this amount would be deemed significant. Dkt 17. Plaintiff requests that this case be

22  remanded to the ALJ for a determination as to whether 150 jobs in the State of Washington and 9,000 jobs

23  nationally constitutes a significant number of jobs. *Id.*

24      In this circuit there is no bright line test as to what constitutes a significant number of jobs. *See*

25  *Barker v. Sec'y of Health & Human Servs.*, 882 F.2d 1474, 1478 (9th Cir. 1989) ("This Circuit has never

26  clearly established the minimum number of jobs necessary to constitute a 'significant number.'"). The

27  Social Security Act provides that:

28         An individual shall be determined to be under a disability only if his physical
        or mental impairment or impairments are of such severity that he is not only

1

2

3

> unable to do his previous work but cannot, considering his age, education, and
> work experience, engage in any other kind of substantial gainful work which
> exists in the national economy, *regardless of whether such work exists in the*
> *immediate area in which he lives*, or whether a specific job vacancy exists for
> him, or whether he would be hired if he applied for work.

4   42 U.S.C. § 423(d)(2)(A) (emphasis added).  The phrase "work which exists in the national economy" is

5   defined in the Social Security Act to mean work existing "in significant number <u>either</u> in the region

6   where" the claimant "lives <u>or</u> in several regions in the country."  42 U.S.C. § 423(d)(2)(A) (emphasis

7   added); 20 C.F.R. § 416.960(c)(1) ("Any other work (jobs) that you can adjust to must exist in significant

8   numbers in the national economy (either in the region where you live or in several regions in the

9   country).")  Thus, the appropriate focus at step five is the national, not the local, economy.  *E.g., Allen v.*

10   *Bowen*, 816 F.2d 600, 603 (11th Cir. 1987) (citing *Matthews v. Eldridge*, 424 U.S. 319, 336 (1976)).

11   Accordingly, even if credible evidence indicating the lack of jobs in the particular geographic area is

12   presented, "failure to disprove the existence of ... jobs on a national scale could leave the ALJ's finding

13   intact."  *Id.* at 603.

14         The Ninth Circuit found in *Barker v. Sec'y of Health & Human Servs.*, 882 F.2d 1474 (9th Cir.

15   1989), that the existence of 1,266 jobs in the claimant's geographic region of the Los Angeles/Orange

16   County area was within the parameters of jobs existing in "significant numbers."  In so finding, the Ninth

17   Circuit cited several cases that found the existence of even fewer regional jobs to be within the parameters

18   of jobs existing in "significant numbers."  *Id.* at 1478-79 (citing to *Hall v. Bowen*, 837 F.2d 272, 275 (6th

19   Cir. 1988) (1,350 jobs in claimant's county); *Jenkins v. Bowen*, 861 F.2d 1083, 1087 (8th Cir. 1998) (500

20   jobs in claimant's region); *Uravitch v. Heckler*, 1986 WL 83443 (D. Ariz.) (even though 60-70% of 500-

21   600 relevant positions in claimant's county required experience the plaintiff did not have, remaining

22   positions (i.e., 150-240 jobs) constituted significant number)).  In addition to the cases cited above, other

23   circuits similarly found few regional or statewide jobs to be sufficient.  *See Johnson v. Chater*, 108 F.3d

24   178, 180 n.3 (8th Cir. 1997) (200 jobs in the claimant's home state); *Craigie v. Bowen*, 835 F.2d 56, 58

25   (3rd Cir. 1987) (200 jobs in claimant's region); *Dumas v. Schweiker*, 712 F.2d 1545, 1549 (2nd Cir. 1983)

26   (150 jobs in claimant's region).

27         The plaintiff argues that this case should be remanded to the ALJ for a determination as to whether

28   150 jobs in the State of Washington constitutes a significant number of jobs.  Dkt. 17.  Remand is not

appropriate because, as Judge Strombom concluded, 150 local in the State of Washington is likely within the parameters of a "significant number" of jobs as contemplated by the Ninth Circuit in *Barker*. Moreover, as Judge Strombom also noted, the relevant inquiry is the number of jobs nationally, not locally, and 9,000 national jobs satisfies that inquiry. *See Johnson*, 108 F.3d at 180 n.3 (8th Cir. 1997) (holding that a significant number of jobs existed where there were 200 jobs in the claimant's home state with 10,000 jobs nationally). Accordingly, the plaintiff is not disabled and is able to perform the job of optical assembler, which exists in a significant number in the national economy as required by 42 U.S.C. § 423(d)(2)(A).

## <u>ORDER</u>

Accordingly, it is hereby **ORDERED** that:

(1)   The Court **ADOPTS** the Report and Recommendation;

(2)   The administrative decision is **AFFIRMED**;

(3)   The Clerk is directed to remove from the record all medical progress notes from treating physician Dr. Michael Butler, for the period of late September through early October 2003, concerning treatment of a right foot injury for a different Michael Hoffman (Tr. 242-45), and replace those pages with a blank page on which is written the following: "Page 242 through 245 of the administrative record in *Hoffman v. Astrue*, C09-5252RJB-KLS, have been removed by order of the Court, as they pertain to medical records for an individual who is not the plaintiff, and who is not a party to this case."; and

(4)   The Clerk is directed to send copies of this Order to Plaintiff's counsel, Defendant's counsel and Magistrate Judge Karen L. Strombom.

DATED this 19th day of March 2010.

Robert J. Bryan
United States District Judge